**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Rocky Allen ROADS, Defendant–
Appellant.**

**No. 14–10013
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 15, 2014.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, John Ar-

len Pruitt, Dallas, TX, Christopher R. Wolfe, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Paul Taliaferro Lund, Dallas, TX, for Defendant–Appellant.

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Rocky Allen Roads pleaded guilty to one count of possessing stolen mail and received a within-guidelines sentence of 33 months in prison. He now contends that the imposed sentence is procedurally unreasonable because the district court failed to give adequate reasons. Because Roads did not object on this ground, we review the argument for plain error. *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 360 (5th Cir.2009). The district court may not commit a "significant procedural error," such as "failing to adequately explain the chosen sentence." *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The record reflects that the district court provided reasons for the sentence. Moreover, Roads has not shown that any additional explanation would have resulted in his receiving a lower sentence. *See Mondragon–Santiago,* 564 F.3d at 364–65.

Additionally, Roads asserts that his within-guidelines sentence was substan-

tively unreasonable, given his significant assistance to law enforcement officials in an unrelated investigation, his efforts to distance himself from bad influences, and the nonviolent nature of the offense. Although Roads sought a downward variance, he did not object after the 33–month sentence was imposed. We have held that a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir.2007). Even if we reviewed for an abuse of discretion, however, Roads's arguments are unavailing. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586 (reviewing the substantive reasonableness of a sentence for abuse of discretion).

Roads's sentence, which is at the top of the applicable guidelines range, is presumed reasonable. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir.2012). His general disagreement with the propriety of his sentence and the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir.2009); *United States v. Gomez–Herrera*, 523 F.3d 554, 565–66 (5th Cir.2008). Roads has not demonstrated that the district court erred, much less plainly erred, by sentencing him to a within-guidelines sentence of 33 months in prison. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586; *Peltier*, 505 F.3d at 391–92. The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.